UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JOHN HUVER,

        Plaintiff,

    v.

VILLAGE OF MULLIKEN, et al.,

        Defendants

_____/

Case No. 1:26-cv-670

Hon.  Hala Y. Jarbou
Chief U.S. District Judge

## REPORT AND RECOMMENDATION

### I.  Introduction

*Pro se* Plaintiff John Huver filed this Complaint, pursuant to 42 U.S.C. § 1983, against the Village of Mullikan, Trustees of the Village of Mullikan, and Mullikan Officials Dennis Kepitis and Cheryl Goodrich.  ECF No. 1.  Plaintiff claims that Defendants violated his constitutional rights by taking his property in Mulliken, MI without due process.

Plaintiff was granted *in forma pauperis* status on  March, 2, 2026.  ECF No. 9.

### II.  Factual Allegations

Huver's Complaint is two pages in length and includes the following four factual assertions:

**III. STATEMENT OF FACTS**

7. On or about **September 2005**, Defendants initiated an ordinance enforcement action in the **56th Circuit Court** (Case No. 2005-0000000636-CK).
8. Under **MCL 66.6**, a General Law Village is restricted to the **District Court** for such actions. By proceeding in Circuit Court, the Village acted **Ultra Vires** (without legal authority).
9. **Evidence of Lack of Authorization:** In or about September 2005, the Village attempted to seize/purchase Plaintiff's property but was forced to **cancel the payment check** because the act had not been authorized by the Village Council in compliance with the General Law Village Act.
10. Despite this lack of jurisdiction and authorization, Defendants obtained a "Deed" through a receivership and have issued a **Notice to Quit** with an eviction date of **March 1, 2026**.

1

ECF No. 1, PageID.1.

However, there is more to the story. Attached to the Complaint, Huver includes the Register of Actions in the state court proceedings for *Village of Mullikan v. John Huver*. The following are a few of the relevant entries spanning over the last twenty-one years.

```
21   08/26/2005 OSTERHAVEN                                        DM-SSIS
        MISCELLANEOUS HEARING
        MOTION TO DQ JUDGE WILL BE HEA RD BEFORE JUDGE EVELAND ON 10/14/05 AT
        2:30.  IF THE PROP ERTY IS NOT ENTIRELY CLEANED U P BY 10/15/05 THEN I
        T WILL BE CLEANED AND ASSESSED TO D.
```

*Id.*, PageID.4-5.

```
44   08/28/2008 OSTERHAVEN                                        DM-SSIS
        SHOW CAUSE HEARING
        Nuisance must be demolished / New hrng set for Oct 9 @ 4 pm
```

*Id.*, PageID.6.

```
68   03/04/2011 OSTERHAVEN                                        DM-SSIS
        SHOW CAUSE HEARING
        SHOW CAUSE: COURT ADVISES THAT  DEF NEEDS TO CLEAN UP PROPERT Y OR IT
        WILL BE CLEANED UP FOR  HIM AT HIS EXPENSE AND HE WIL L LIKELY LOSE TH
        E PROPERTY. CO URT TAKES PL'S REQUEST FOR FIN ES AND ATTORNEY FEES UND
        ER ADV ISEMENT. MATTER ADJOURNED UNTI L 4/27/11 1:30. PL WILL SUBMIT
        AN ORDER.
```

*Id.*, PageID.7.

```
79   05/09/2011 OSTERHAVEN                                        DM-SSIS
        MISCELLANEOUS HEARING
        RESULT: HELD
        REVIEW: ODEEN REPORTS DEF IS I N SUBSTANTIAL COMPLIANCE BUT W OULD REC
        OMMEND THAT A BARRIER BE INSTALLED. PL AGREES WITH B ARRIER INSTALLATI
        ON. COURT ORD ERS THAT A GATE/BARRIER BE INS TALLED BY 6/1/11 AND ORDE
        RS DE F TO DOWNSIZE THE AMOUNT OF IT EMS ON PROPERTY. REVIEW SCHEDU LE
        D FOR 7/28/11 1:30. IF DEF I N COMPLIANCE, REVIEW CAN BE CA NCELLED. D
        EF TO PAY 1/3 OF ODE ENS BILL BY 6/1, 1/3 BY 7/1, A ND 1/3 BY 8/1. COU
        RT CONTINUES  TO TAKE PL'S REQUEST FOR ATTO RNEY FEES UNDER ADVISEMENT
```

*Id.*, PageID.8.

```
107  05/11/2017                                                  cookk01
        SHOW CAUSE HEARING
        RESULT: HELD
        PLAINTIFF APPEARED WITH COUNSEL.  DEFENDANT APPEARED IN PRO PER.  COUR
        T FINDS DEFENDANT IN VIOLATION OF PUBLIC NUISANCE ORDINANCE.  DEFENDAN
        T IN CIVIL CONTEMPT OF 2005 ORIGINAL ORDER.  COURT APPOINTS KEN O'DEEN
        AS THIRD PARTY INTERMEDIARY.  DEFENDANT ASSESSED $100 FINE.
```

*Id.*, PageID.10.

```
117   01/02/2018                                          YKIMOFFL
         SHOW CAUSE HEARING
         RESULT: KRISTINE COOK, 8778
         PLAINTIFF'S COUNSEL PRESENT.  DEFENDANT PRESENT IN PRO PER.
         TESTIMONY TAKEN.  ARGUMENTS HEARD.  THE COURT FOUND DEFENDANT IN
         VIOLATION OF THE MAY 31, 2017 ORDER.
```

*Id.*, PageID.11.

```
145   06/24/2022                                          LISZNIAL
         SHOW CAUSE HEARING
         RESULT: KRISTINE COOK, 8778
         Plaintiff present via counsel. Defendant present in pro per. Receiver
         present. Show Cause Hearing held. Testimony taken and argument heard.
         Court finds Defendant in civil contempt. Court allows Plaintiff to
         take reasonable steps to cure non-comformities. Court orders Plaintiff
         to enure that vehicles to be removed are in fact inoperable before
         removal. Court gives Defendant 14 days to secure property to the
         satisfaction of the Receiver. If Defendant has not secured the
         property by July 8, 2022, Plaintiff is permitted to take reasonable
         steps to secure property. Plaintiff's counsel to prepare order.
```

*Id.*, PageID.12.

```
150   07/08/2022                                          JA
         ORDER
         Finding Contempt of Court and Appointing Receiver
```

*Id.*, PageID.13.

Now, Huver says that the Village violated his due process rights under the 14th Amendment (Count 1) and conducted an unconstitutional taking under the 8th and 14th Amendments (Count 2).  *Id.*, PageID.1-2.

### III. Standard of Law

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "'probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III.    Analysis

#### A. Fourteenth Amendment Due Process Claim

First, Huver asserts that Defendants violated his due process rights by proceeding in the Michigan 56th Circuit Court rather than the appropriate Michigan District Court. ECF No. 1, PageID.1.

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due

4

process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient . . . ." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989) (citations omitted).

Here, Huver claims that the Village "bypassed MCL 66.6" by proceeding before the Michigan 56th Circuit Court in Eaton County, MI.  The Register of Actions indicates that this case spans a twenty-one-year legal dispute concerning Plaintiff's property.  ECF No. 1-1, PageID.3-14.  The instant lawsuit in this Court is a continuation of this long legal dispute.  Huver attempts to appeal the Michigan Circuit Court's decision.  The record indicates that Huver was provided extensive due process over the last twenty-one years before the Michigan 56th Circuit Court.

To the extent that Huver is attempting to appeal the state court's decision, Huver's claim is barred by the *Rooker-Feldman* doctrine.

> The *Rooker–Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Federal causes of action that amount to attacks on a final judgment of a state

5

court fall within the *Rooker-Feldman* bar.  *See Pieper v. Am. Arb. Ass'n, Inc.*, 336 F.3d 458, 461 (6th Cir. 2003) (noting that attacks on the state court's order compelling arbitration called into question the state court's arbitration decision, and, accordingly, was inextricably intertwined with the federal claims in the case, within the meaning of *Rooker–Feldman*'s bar).  "Federal courts have no jurisdiction over challenges to state court decisions, even if the challenges allege that the state court acted unconstitutionally."  *Luber v. Sprague*, 90 Fed. Appx. 908, 910 (6th Cir. 2004)(quoting *Feldman*, 460 U.S. at 486).

Huver requests that this Court void the state court's decision to issue the Village a deed.  In the opinion of the undersigned, under the *Rooker-Feldman* framework, this Court lacks jurisdiction over Huver's attempt to appeal the state court's decision.  Accordingly, the undersigned respectfully recommends that this Court dismiss Huver's Fourteenth Amendment due process claim.

### B. Unconstitutional Taking

Next, Huver asserts an unconstitutional taking under the Eighth and Fourteenth Amendments.  It is unclear to the undersigned how the Eighth and Fourteenth Amendments apply to Plaintiff's claim.  The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes.  U.S. Const. amend. VIII. The Due Process Clause of the Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.  As applied to the state governments through the Fourteenth Amendment, the Takings Clause of the Fifth

Amendment prohibits taking "private property…for public use, without just compensation." U.S. Const. amend. V. In the opinion of the undersigned, Plaintiff's Complaint does not sufficiently plead an Eighth or Fourteenth Amendment claim. However, Huver's Complaint may be construed as a Fifth Amendment claim under the Takings Clause.

> The Sixth Circuit has applied a two-part test to Takings Clause claims analysis:

> First, "the court must examine whether the claimant has established a cognizable property interest for the purposes of the Just Compensation Clause." *Coalition for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 481 (6th Cir. 2004) (internal quotation marks omitted); *see also Raceway Park, Inc. v. Ohio*, 356 F.3d 677, 683 (6th Cir. 2004) ("[T]here is no taking if there is no private property in the first place."). Second, "where a cognizable property interest is implicated, the court must consider whether a taking occurred." *Coalition for Gov't Procurement*, 365 F.3d at 481.

> The Takings Clause is about what happens when property is taken for public use. Thus, success on Plaintiffs' Takings Clause claim necessarily implies that they actually had a protected property interest.

*Puckett v. Lexington-Fayette Urban Cnty. Gov't*, 833 F.3d 590, 609 (6th Cir. 2016).

Here, Huver alleges that a taking occurred when the Village obtained a deed and issued a notice to quit with an eviction date of March 1, 2026. Huver includes in an attachment to his Complaint that he has not been compensated for the property. ECF No. 1-1, PageID.21. Huver's Complaint does not support a Fifth Amendment taking claim. Nowhere in Huver's Complaint does he indicate that his property was taken for public use. Rather, the Complaint indicates that the Village foreclosed on Huver's property, in accordance with a court order, after years of ordinance violation litigation. Furthermore, the Register of Actions states that the Court found Huver in

7

contempt and appointed a receiver.  From Huver's Complaint, it is unclear what happened in connection with his property, but the dispute arises from repetitive failure to comply with court orders.

In the opinion of the undersigned, Huver's Complaint does not state a Fifth Amendment taking claim with facial plausibility.  Accordingly, the undersigned respectfully recommends that the Court dismiss Plaintiff's unconstitutional taking claim.

## IV.    Recommendation

For the reasons stated above, the undersigned recommends that the Court dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated:  March 9, 2026                                  /s/ *Maarten Vermaat*
                                                            MAARTEN VERMAAT
                                                            U. S. MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).