UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HUVER,

       Plaintiff,

                                     Case No. 1:26-cv-670

v.

                                     Hon. Hala Y. Jarbou

VILLAGE OF MULLIKAN, et al.,

       Defendants.

_____/

## **ORDER**

Plaintiff John Huver brought this action against the Village of Mullikan and several of its officials in order to prevent the Village from evicting him from his home.  He owned that home until the Eaton County Circuit Court authorized a foreclosure sale following a decades-long ordinance enforcement action brought by the Village to abate nuisances that Plaintiff maintained on the property.  It appears that Eaton County took title to Plaintiff's property and then transferred it to the Village via a quit claim deed.[1]  (Quit Claim Deed, ECF No. 12-4.)  On March 9, 2026, the magistrate judge entered a Report and Recommendation (R&R) that the Court dismiss the complaint for failure to state a claim.  (R&R, ECF No. 11.)  Before the Court are Plaintiff's objections to the R&R (ECF No. 12).

Under Federal Rule of Civil Procedure 72,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

---

[1] In its response to Plaintiff's objections, the Village explains that Eaton County foreclosed on Plaintiff's home and that the Village purchased the home at a tax sale.  (Def.'s Resp., ECF No. 14, PageID.72.)

Objection 1

Plaintiff objects that the magistrate judge did not apply the proper standard for assessing whether a complaint states a claim.  He is correct that the proper standard is whether a complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  But he is mistaken in thinking that his complaint meets this standard.  It does not, for reasons explained by the magistrate judge.

Objection 2

Plaintiff objects to the magistrate judge's application of the *Rooker Feldman* doctrine to the state court's judgment because the state court purportedly lacked jurisdiction.  That objection is meritless because the *Rooker Feldman* doctrine does not require a valid state-court judgment.  The premise of that doctrine is that federal courts do not act as courts of appeal for state courts.  Thus, if Plaintiff believed the state court judgment was invalid, the proper course was for him to challenge it in state court.  He cannot challenge it here.

Objection 3

Plaintiff objects to the dismissal of his due process claim because, in his view, the ordinance-enforcement action violated a two-year statute of limitations.  But a due process claim focuses on the adequacy of the *procedures* available to Plaintiff for defending against the deprivation of his liberty and property interests, not on the *merits* of his defenses.  The magistrate judge correctly determined that Plaintiff failed to plead any facts suggesting that the procedure provided to Plaintiff through the state-court proceedings was constitutionally deficient.

Objection 4

The magistrate judge determined that Plaintiff fails to state a claim under the Takings Clause of the Fifth Amendment because he does not allege that Defendants took his home for a

2

public use.  Plaintiff objects that he satisfied this requirement because the Village took title to his property.  But as the record demonstrates, and as Plaintiff alleges in his complaint, a court approved a foreclosure sale of Plaintiff's property in order to satisfy a tax debt.  Such a taking is not a taking for public use.  *See Tyler v. Hennepin County*, 598 U.S. 631, 637–39 (2023) (noting that the government can sell sell a home to recover unpaid taxes and other amounts owed without running afoul of the Takings Clause).[2]

Objection 5

Plaintiff argues that the magistrate judge misconstrued the definition of "court" in 28 U.S.C. § 3002, which defines that term as "any court created by the Congress of the United States, excluding the United States Tax Court."  28 U.S.C. § 3002(2).  But that definition is irrelevant.  It applies to the interpretation of federal statutes.  The magistrate judge was not interpreting a federal statute when referring to the state court.

Objection 6

Finally, Plaintiff argues that the state-court judges involved in his proceedings were not impartial because they "ignor[ed] statutory limits" when facilitating the sale of his home.  (Pl.'s Objs., ECF No. 12, PageID.53.)  Even if that were true, however, it would not save Plaintiff's claims from dismissal.  In effect, Plaintiff is attempting to challenge the outcome of his state court proceedings by raising issues he could have raised there.   As the Court explained in its order denying Plaintiff's motion for a temporary restraining order, res judicata bars him from doing so.  (*See* 2/27/2026 Order 3, ECF No. 8.)  And at any rate, dissatisfaction with "judicial rulings . . . alone almost never constitute[s] a valid basis" for asserting partiality or bias.  *Liteky v. United*

---

[2] Plaintiff alleges no facts to suggest that Defendant took more than the amount Plaintiff owed in taxes or other fees. Instead, he simply alleges in conclusory fashion that Defendants "seiz[ed]" the entire value of his property for "an unverified debt."  (Compl., ECF No. 1, PageID.2.)  But the proper place to contest the validity of his debt was in state court, not here.

*States*, 510 U.S. 540, 555 (1994).  "Almost invariably, [judicial rulings] are proper grounds for appeal, not for recusal."  *Id.*

In short, Plaintiff's objections are meritless.  Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 11) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Court **CERTIFIES** that an appeal of this Order would not be taken in good faith.  28 U.S.C. § 1915(a)(3).

A judgment will enter in accordance with this Order.


Dated: April 3, 2026                                    /s/ Hala Y. Jarbou
                                                        HALA Y. JARBOU
                                                        CHIEF UNITED STATES DISTRICT JUDGE